1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANIEL BREAKEY, et al.,

          Plaintiffs,

    v.

JOSHUA LINDSEY, et al.,

          Defendants.

No.  2:19-cv-00620-TLN-KJN

**ORDER**

This matter is before the Court on Defendants Joshua Lindsay, American Business Brokers L.L.C., and American Business Brokers Utah L.L.C.'s (collectively "Defendants") Motion to Dismiss (ECF No. 4) and Motion to Strike (ECF No. 7).  For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss and DENIES Defendants' Motion to Strike as moot.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The instant Motion arises from a business dispute between the parties.  Defendants assert they entered into an agreement with Plaintiffs Daniel Breakey, D. Breakey Delivery, Inc., and Samantha Breakey (collectively "Plaintiffs"), under which Defendants would broker the sale of Plaintiffs' business for a ten percent commission.  (*See* ECF No. 1-2 at 31–36, 38.)  Plaintiffs claim this agreement is invalid.  (*Id.* at 5 ¶ 30; *id.* at 7 ¶¶ 51–54.)  Defendants purportedly procured a buyer in February 2018, which resulted in a sale for $900,000, but Plaintiffs did not

1

1  pay Defendants their commission.  (*Id.* at 30, 39–40.)  On October 25, 2018, Defendants filed a

2  UCC Financing Statement with the California Secretary of State against Plaintiffs.  (*Id.* at 44.)

3  On October 31, 2018, Defendants sent Plaintiffs a demand letter for payment of their commission

4  of ten percent, or $90,000.  (*Id.* at 30.)  On December 6, 2018, Defendants initiated a lawsuit in

5  Utah against Plaintiffs and the buyer to enforce the terms of the alleged contract.  (*Id.* at 37.)

6         On December 7, 2018, Plaintiffs filed the instant case in the Superior Court of the State of

7  California, County of Yolo, alleging multiple causes of action under state law.  (ECF No. 1-1.)

8  Plaintiff attached two different versions of the "Executive Business Listing Agreement," both of

9  which included a forum selection clause, which states:

10              9. <u>Jurisdiction.</u> This Agreement shall be governed by the laws of the
             state of Utah. The parties hereby consent to sue and be sued for any
11           action arising out of a breach or threatened breach of this Agreement
             exclusively in the courts in and for Salt Lake County, Utah and all
12           lawsuits shall be litigated in this county.

13  (ECF No. 1-2 at 32, 35.)  Additionally, Plaintiffs Daniel and Samantha Breakey assert they are

14  California residents and are the owners of D. Breakey Delivery, Inc., which is domiciled in West

15  Sacramento, California.  (*Id.* at 2 ¶¶ 1–2.)  Plaintiffs also allege Defendant Lindsey is a licensed

16  attorney and resident of Utah, who is either the owner or employee of American Business

17  Brokers, LLC, a Delaware L.L.C. and American Business Brokers Utah L.L.C.  (*Id.* at 3 ¶¶ 6–11.)

18         On April 11, 2019, Defendants removed the action to this Court.  (ECF No. 1.)  On April

19  26, 2019, Defendants filed the instant Motion to Dismiss, on the basis that Defendants are not

20  subject to personal jurisdiction in California, or alternatively, that venue is improper.  (ECF No.

21  4.)  Plaintiffs oppose Defendants' Motion to Dismiss, asserting that the Court may assert personal

22  jurisdiction over Defendants based on the UCC filing, Plaintiffs' residency, and the fact that the

23  contract dispute concerns a business located in California.  (ECF No. 11.)  On June 6, 2019,

24  Defendants replied to Plaintiffs' opposition to the Motion to Dismiss.  (ECF No. 13.)

25         On April 26, 2019, Defendants also filed a Motion to Strike the Third, Fourth, Seventh,

26  and Ninth Causes of Action as violations of California's anti-SLAPP law.  (ECF No. 7 at 5.)

27  Plaintiffs oppose Defendants' Motion to Strike, asserting that Defendants were not engaging in

28  ///

protected speech. (ECF No. 10.) On June 6, 2019, Defendants replied to Plaintiffs' opposition to the Motion to Strike. (ECF No. 14.)

## II. STANDARD OF LAW

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure ("Rule") 12(b)(2) allows a party to file a motion to dismiss for lack of personal jurisdiction. When there is no federal statute authorizing personal jurisdiction, the district court applies the law of the state in which the district court sits. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). California's long-arm statute is coextensive with federal due process requirements. Cal. Code Civ. Proc. § 410.10. Accordingly, the "jurisdictional analyses under state law and federal due process are the same." *Mavrix Photo, Inc.*, 647 F.3d at 1223 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (2004)). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Under the minimum contacts test, there are two categories of personal jurisdiction: general jurisdiction and specific jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014).

A court may assert general personal jurisdiction over corporations "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). There are two "paradigm all-purpose forums" in which a corporation will primarily be "at home" for the purposes of general jurisdiction: its place of incorporation and its principal place of business. *Daimler*, 571 U.S. at 137. General jurisdiction is not limited to these two forums, but it will only be available elsewhere in the "exceptional case" that a corporation's affiliations with a forum are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 139 n.19; *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) ("Only in an 'exceptional case' will general jurisdiction be available anywhere else."). Indeed, under the

3

1    modern jurisdiction theory, general jurisdiction "has played a reduced role," and "[the Supreme

2    Court's] post-*International Shoe* opinions on general jurisdiction … are few." *Daimler*, 571 U.S.

3    at 128–29.

4           Specific jurisdiction, on the other hand, is satisfied when the defendant's activities are

5    directed toward the forum state and the defendant's liability arises out of or relates to those

6    activities. *Id.* at 127.  In the Ninth Circuit, courts employ a three-part test to determine whether a

7    defendant's contacts suffice to establish specific jurisdiction: "(1) the nonresident defendant must

8    have purposefully availed himself of the privilege of conducting activities in the forum by some

9    affirmative act or conduct; (2) plaintiff's claim must arise out of or result from the defendant's

10   forum-related activities; and (3) exercise of jurisdiction must be reasonable." *Roth v. Garcia*

11   *Marquez*, 942 F.2d 617, 620–21 (9th Cir. 1991) (emphasis omitted).  The plaintiff bears the

12   burden of satisfying the first two prongs, and if they are met, the burden shifts to the defendant

13   "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable."

14   *Mavrix Photo Inc.*, 647 F.3d at 1228.

15          In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff

16   bears the burden of establishing the court's jurisdiction over the defendant.  *Wash. Shoe Co. v. A–*

17   *Z Sporting Goods Inc.*, 704 F.3d 668, 671–72 (9th Cir. 2012).  However, when the defendant's

18   motion is based on written materials rather than an evidentiary hearing, the plaintiff need only

19   make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.*

20   (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)).  The court resolves

21   all disputed facts in favor of the plaintiff.  *Id.* at 672.

22                          B.       Motion to Dismiss Under Rule 12(b)(3)

23          A party may move to dismiss an action based on improper venue pursuant to Rule

24   12(b)(3).  Fed. R. Civ. P. 12(b)(3).  Once a defendant challenges venue, the plaintiff bears the

25   burden of demonstrating that the chosen venue is proper.  *Piedmont Label Co. v. Sun Garden*

26   *Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  In determining whether venue is proper, the

27   pleadings need not be accepted as true and the court may consider facts outside of the pleadings.

28   *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009).

Venue in a civil action is proper in:

>(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). "The first two paragraphs of §1391(b) define the preferred judicial districts for venue in a typical case, [while] the third paragraph provides a fallback option." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). When venue is improper, the district court can either dismiss the action, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "A determination of improper venue does not go to the merits of the case and therefore [dismissal] must be without prejudice." *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).

### III.   ANALYSIS

#### A.   Personal Jurisdiction

##### i.   General Jurisdiction

The facts offered by Plaintiffs indicate that Defendants are residents of Utah, are incorporated in Delaware, and are registered and located in Utah. (ECF No. 1-2 ¶¶ 6–10.) Defendants assert none of them live in, are incorporated in, or have their principal places of business in California. (ECF No. 4 at 6.) In opposition, Plaintiffs generally claim Defendants have an ongoing brokerage business in California with 75 percent of their business listings in California and provide an exhibit showing three California listings on a webpage that appears to belong to Defendants. (ECF Nos. 11, 11-1.) The Court construes Plaintiffs' assertion as an attempt to establish general personal jurisdiction, since it describes general forum-related conduct instead of claim-specific conduct. However, Plaintiffs fail to establish Defendants' listings qualify as conduct "so 'continuous and systematic' as to render them essentially at home in the

5

1 forum State" because Plaintiffs fail to offer any legal arguments that the Court has personal

2 jurisdiction over Defendants. *Goodyear Dunlop Tires Operations*, 564 U.S. at 919. Accordingly,

3 the Court declines to assert general personal jurisdiction.

*ii.      Specific Jurisdiction*

5          The Ninth Circuit employs a three-part test to determine whether a defendant's contacts

6 are sufficient to establish specific jurisdiction, for which the plaintiff bears the burden of

7 establishing the first two prongs. *See Roth*, 942 F.2d at 620–21; *Mavrix Photo Inc.*, 647 F.3d at

8 1228. Here, Plaintiffs fail to meet their burden under either prong. Plaintiffs only offer

9 conclusory assertions that Defendants have contacts with California. Beyond the business listing

10 discussed above, Plaintiffs generally state, "Defendants have plenty of ongoing ties to

11 California," offering Defendants' "illegal" UCC financing statement and the "void, unenforceable

12 contract" based on "California *res*" as proof of that ongoing contact. (ECF No. 11 at 4.)

13         Plaintiffs argue that the UCC financing statement constitutes a contact with California,

14 which the Court construes as an argument that Defendants have "purposefully availed"

15 themselves of the privilege of doing business in California. (*Id.*) However, Plaintiffs fail to offer

16 any legal argument to support this assertion. Moreover, existing legal authority supports a

17 contrary finding. In *Goehring v. Superior Court*, for example, the court considered whether it

18 could assert jurisdiction over Texas residents based on the filing of a California UCC financing

19 statement. *Goehring*, 62 Cal. App. 4th 894, 907 (1998). The *Goehring* court found the "filing of

20 a single financing statement, considered along or in connection with the sales and security

21 agreements, does not demonstrate purposeful availment." *Id.* at 908. In sum, although the Texas

22 corporation used a California procedure to protect its security interest, it was protecting "Texas-

23 based security interests on Texas promissory notes related to a Texas-based sales contract." *Id.*[1]

24

----

[1]      The *Goehring* court also analyzed a number of cases from various jurisdictions that reach
similar conclusions regarding financing statements, which this Court finds persuasive. *See
Occidental Fire & Cas. Co. of North Carolina v. Cont'l Illinois Nat'l Bank and Trust Co.*, 689 F.
Supp. 564, 568 (E.D. N.C. 1988) ("[The] filing of financing statements is not akin to soliciting
business in the forum, introducing products into the forum, or signing and performing a contract
within the forum."); *NFD, Inc. v. Stratford Leasing Co.*, 433 N.W.2d 905, 909 (Minn. App. 1988)
(concluding that the nonresident's filing of a UCC-1 financing statement did not show

1  Similarly here, Defendants argue they filed the California UCC statement "to protect their interest

2  in being paid on a Utah-based listing agreement with a Utah venue clause." (ECF No. 13 at 5.)

3  Accordingly, the Court finds Plaintiffs may not rely solely upon Defendants' filing of a UCC

4  financing statement to establish specific jurisdiction.

5       Plaintiffs' other argument suggests that the Court may exercise specific jurisdiction over

6  Defendants since the underlying contract covered the sale of a California business. (ECF No. 11

7  at 4.) This argument, too, is unavailing. The Supreme Court has squarely addressed this issue

8  and determined that if a contract forms the basis for specific jurisdiction, then it should be one

9  which "envision[s] continuing and wide-reaching contacts" with the forum state. *Burger King*

10 *Corp. v. Rudzewicz*, 471 U.S. 462, 480 (1985). Plaintiffs do not allege or argue that the contract

11 with Defendants would lead to continuing and wide-reaching contacts in California. They simply

12 assert that the contract touched on property that resides in California. "If the question is whether

13 an individual's contract with an out-of-state party alone can automatically establish sufficient

14 minimum contacts in the other party's home forum, we believe the answer clearly is that it

15 cannot." *Id.* at 478. Plaintiffs fail to allege that Defendants conducted any activities in the forum

16 beyond filing a UCC financing statement and signing a contract with California residents. Since

17 neither the UCC statement nor the contract establishes sufficient minimum contacts with the

18 forum, the Court declines to assert jurisdiction over Defendants. Accordingly, the Court

19 GRANTS Defendants' Motion to Dismiss for lack of personal jurisdiction.

20                 B.       Improper Venue

21      Defendants alternatively request the Court dismiss for improper venue. (ECF No. 4 at 4.)

22 However, because the Court has determined dismissal for lack of personal jurisdiction is

23 appropriate, it does not reach Defendants' improper venue arguments.

24 ///

25

26 nonresident "purposefully availed itself of the benefits of the forum state's laws"); *Prentice v.*
   *Prentice Colour, Inc.*, 779 F. Supp. 578, 588 (M.D. Fla. 1991) ("[T]he filing of Uniform
27 Commercial Code financing statements in Florida by an out-of-state defendant to protect its
   security interests does not constitute a voluntary or purposeful effort to do business in Florida.");
28 *Milberg Factors, Inc. v. Greenbaum*, 585 So.2d 1089 (Fla. App. 1991) (same).

C.     Motion to Strike

Defendants asked the Court to strike the Third, Fourth, Seventh, and Ninth Causes of Action of Plaintiffs' Complaint in their Motion to Strike.  (ECF No. 7.)  However, in light of the Court's ruling on Defendants' Motion to Dismiss for lack of personal jurisdiction, the Court DENIES Defendants' Motion to Strike as moot.

**IV.     CONCLUSION**

For the foregoing reasons, the Court finds Plaintiffs' Complaint fails to convey personal jurisdiction over Defendants.  Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for lack of personal jurisdiction (ECF No. 4) is GRANTED, and Defendants' Motion to Strike (ECF No. 7) is DENIED as moot.

IT IS SO ORDERED.

DATED:  March 16, 2020

Troy L. Nunley
United States District Judge